UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ALFRED ALEXANDER FLORES,
          Plaintiff,

    v.                                  Case No. 12-C-1191

WELLS FARGO BANK, N.A., et al.,
          Defendants.

## DECISION AND ORDER

Alfred Alexander Flores, proceeding pro se, has filed a complaint with this court against Wells Fargo Bank, N.A., Discover Bank, three Wisconsin trial-court judges, the sheriff of Racine County, and several practicing attorneys. It is hard to make sense of the plaintiff's complaint when it is read in isolation, mostly because the complaint alleges few facts and instead offers vague legal descriptions of the defendants' supposed misconduct. For example, the complaint alleges that certain defendants "put a fraud on the court by using sham legal process to draw defendants in error Flores' into a void proceeding in an attempt to take property from Flores', theft by deception, which is a felony." (Compl. at p. 5/8, ¶ 4.) However, when the complaint is read along with other documents filed in this case, it becomes clear that the plaintiff claims that the defendants violated his federal constitutional rights in connection with a foreclosure proceeding that took place in Racine County. According to the defendants, the Racine County Circuit Court granted a judgment of foreclosure with respect to the plaintiff's real property in September 2011, the property was sold in a sheriff's sale in October 2012, and the state court subsequently entered an order confirming the sale and issued a writ of

assistance to remove the plaintiff from the property. (Br. of Constantine, Flancher, and Ptacek at 1–2. ECF No. 3.)

The defendants have moved to dismiss the complaint for various reasons, including failure to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). And indeed, the complaint does not state a valid claim. Although the plaintiff accuses the defendants of violating his constitutional rights in connection with the foreclosure proceedings, he does not identify any specific act or acts done by any of them that could plausibly be considered a violation of any constitutional right. Rather, as noted, his complaint consists of a list of vague descriptions of the defendants' supposed misconduct.

When a complaint fails to state a claim for relief, the plaintiff should ordinarily be given an opportunity to amend the complaint to correct the problem. See, e.g., Bogie v. Rosenberg, 705 F.3d 603, 608 (7th Cir. 2013). Leave to amend need not be granted, however, if it is clear that any amendment would be futile. Id. Here, the plaintiff has already proposed to amend his complaint (ECF No. 12), but his proposed amendments do not render any of his claims plausible. Moreover, it is clear that any further amendment would be futile. In some of the documents the plaintiff has filed, he reveals that his claims against the defendants are premised on his belief that he holds "allodial title" to the foreclosed property pursuant to a land patent. For instance, in one of his briefs, he writes: "As an American, I have claimed my rights and submitted an Allodial Title, a Lawful Land Patent to the Property known as 2004 Quincy Avenue, Racine, Wisconsin [53403]. I have never surrendered the aforementioned property; it was stolen by gun point, helicopters, and armored vehicles." (Br. in Opp. at 3/4, ECF No. 11.)

Claims involving allodial title and land patents are occasionally advanced by property owners who believe that they can use these devices to prevent foreclosure. See Wisconsin v. Glick, 782 F.2d 670, 671–72 (7th Cir. 1986). One website advises property owners that they can "regain control of [their] land through a Land Patent process." See http://www.landpatent.us/ (visited March 21, 2013). The site claims that the process allows property owners to "[g]ain the highest form of title known in law, superior to ANY other claimant including government attempting to take by eminent domain, a bank with a sheriff's sale deed, a purchaser in a property tax sale with a tax sale deed, or anyone else." The site goes on to claim that a land patent makes one "immune from eviction in the event of foreclosure . . . [e]ven AFTER foreclosure and eviction." Courts have considered these types of claims in other cases and have uniformly rejected them, with most courts deeming the claims frivolous. See, e.g., Glick, 782 F.2d at 671–73; Hilgeford v. Peoples Bank, 776 F.2d 176 (7th Cir. 1985); United States v. Miljus, No. 06-1832-PK, 2007 WL 4287608 (D. Or. Dec. 3, 2007); Britt v. Federal Land Bank, 505 N.E.2d 387 (Ill. Ct. App. 1987). The plaintiff's claims in the present case bear all the hallmarks of these frivolous claims, and for that reason I will not grant him leave to amend. Rather, I will dismiss this action with prejudice.

Before closing, I note that because plaintiff's federal claims are frivolous, I technically do not have jurisdiction to consider them. See, e.g., Beauchamp v. Sullivan, 21 F.3d 789, 790–91 (7th Cir. 1994) ("A frivolous case does not engage the jurisdiction of the court."). For this reason, the plaintiff might contend that I should enter a dismissal without prejudice for lack of jurisdiction rather than a dismissal with prejudice. However, "if the reason there's no federal jurisdiction is the plaintiff's having predicated jurisdiction on a frivolous federal claim, dismissal with prejudice is appropriate." Baba-Dainja El v. AmeriCredit Fin. Servs., Inc., No.

12-3310, slip op. at 4 (7th Cir. March 20, 2013). Thus, whether or not the plaintiff's frivolous federal claims have engaged the jurisdiction of this court, dismissal with prejudice is the appropriate disposition.

Accordingly, **IT IS ORDERED** that the complaint and this action are **DISMISSED WITH PREJUDICE**. The Clerk of Court shall enter final judgment.

**IT IS FURTHER ORDERED** that plaintiff's motion to amend (ECF No. 12) is **DENIED**.

**FINALLY, IT IS ORDERED** that the defendants' motions to dismiss are **GRANTED** to the extent that this case is dismissed for the reasons stated in this opinion.

Dated at Milwaukee, Wisconsin, this 22nd day of March 2013.

                      s/ Lynn Adelman
                      _____
                      LYNN ADELMAN
                      District Judge